FILED                    -PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2007 OCT 22   PM 1:40

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

DAVID JENKINS,

           Plaintiff,

          **DECISION AND ORDER**
          06-CV-0795A

          -v-

STEVEN KRUPPNER, et al.,

          Defendants.

On June 13, 2007, the Court granted plaintiff's application to proceed in

forma pauperis and directed the Clerk of the Court to cause the United States

Marshals Service to serve the summons and complaint on the named

defendants.  (Docket No. 5).

**Identification of John Doe Defendants**

On August 28, 2007, the Court denied plaintiff's motion for appointment of

counsel and, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per

curiam), directed the New York State Attorney General's Office, Buffalo Regional

Office, to use its best efforts to ascertain the full names of the John Doe

Correctional Officers plaintiff sought to sue herein but could not identify.  The

Attorney General's Office was also requested to provide the addresses where

these John Doe defendants could be served.  The Attorney General's Office was

not directed to undertake to defend or indemnify the John Doe defendants but only to use its best efforts to attempt to identify them.

The Court also directed plaintiff to provide whatever information he could to identify the John Doe "ECMC Holding Pen Officers" whom he alleged were involved in not removing Black Box restraints or failing to use alternate restraints during the times he was transported to ECMC for medical treatment in 2003 and 2004. From what the Court could glean from the complaint, there was no information about these defendants which would enable the Court or the Erie County Attorney's Office to identify these defendants. (Docket No. 7).

On September 19, 2007, the Attorney's General Office's filed a response to the Court's Order and identified nine correctional officers who between November 2003 and June 2004 were involved in the transportation of plaintiff. (Docket No. 8). The response also identified the specific dates the correctional officers transported plaintiff and where they could be served with the summons and complaint. The Clerk of the Court, pursuant to the Order of the Court (Docket No. 7), amended the caption of this action and added as defendants the nine correctional officers identified by the Attorney General's Office. Whether plaintiff intended to sue all of these defendants or whether all of these defendants were personally involved in the constitutional violations alleged is not known and, therefore, the Court must direct plaintiff to file an amended complaint naming all the defendants he named in the complaint and any additional defendants

identified by either himself or the Attorney General's Office which he claims were personally involved in the alleged constitutional violations.  Plaintiff received a copy of the Attorney General's Office's response so he knows the names of the correctional officers identified and the dates the correctional officers were involved in his transportation.[1]

Plaintiff has also submitted three responses to the Court's Order attempting to identify the John Doe defendants.  (Docket Nos. 9-11).  The first one, titled: "Identity Interrogatories, Discovery Request" (Docket No. 9), asks the defendants to provide certain information which may assist plaintiff in identifying the John Doe correctional officers and ECMC Holding Pen Officers.  With respect to the John Doe Correctional Officers, however, the Attorney General's Office has identified the John Doe Correctional Officers who were, at one time or another between November 2003 and June 2004, involved in plaintiff's transportation. These discovery requests therefore appear moot, at least with respect to the Correctional Officers.

As to the ECMC Holding Pen Officers, plaintiff claims that he sustained injuries on what "he believes" was October 6 and 27, 2003, December 8, 2003, and June 7, 2004, during transportation to and from ECMC.  (Docket No. 9).  He

---

[1]Plaintiff is cautioned that he cannot simply name individuals as defendants without a factual and legal basis for a claim against them.  Fed.R.Civ.P. 11.  If all nine correctional officers identified by the Attorney General's Officer were not personally involved in the alleged constitutional violations, he cannot name them all as defendants; he can only name those correctional officers for whom he has facts supporting his claims that they were personally involved in the constitutional violation alleged.  See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

3

claims that he submitted a request to ECMC for documents that contain information regarding his ECMC visits since 2000, the times of his arrival at ECMC and when he was seen by a physician or consultant, and the names of the individuals at ECMC who treated him during the visits. Plaintiff submits that the time of arrival and the time an inmate is seen is different and critical because during the period an inmate is waiting to be seen the holding pen officers are "in charge" while the DOCS' Correctional Officers are responsible for taking the inmate to the department within ECMC that the inmate is to be treated in. Plaintiff refers to the documents which contain this information as "the officers itinerary."

The Court is not certain whether the information provided in plaintiff's response (Docket No. 9), which includes the dates he believes he was injured while being transported to and from ECMC--October 6, October 27, and December 8, 2003, and June 7, 2004--will be sufficient to allow the Erie County Attorney's Office to assist the Court, pursuant to Valentin, to identify the John Doe ECMC Holding Pen Officers. Because of the Court's obligation under Valentin to assist indigent prisoners in identifying and serving defendants, however, the Court will request the Erie County Attorney's Office to provide whatever information the County of Erie may have regarding who the ECMC Holding Pen Officers may have been on the dates plaintiff claims he was injured when said Officers were allegedly involved in not removing the Black Box

restraints or in failing to use alternate restraints during plaintiff's medical visits to ECMC.

Accordingly, pursuant to Valentin, the Court directs that the Erie County Attorney's Office use its best efforts to ascertain the full names of the John Doe ECMC Holding Pen Officers plaintiff seeks to sue. The County Attorney's Office is also requested to provide the addresses where these John Doe defendants can be served. The County Attorney's Office need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in Valentin.

The Erie County Attorney's Office is hereby requested to produce the information specified above regarding the identities of the John Doe ECMC Holding Pen Officers by **November 22, 2007**. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on the defendants.

The Clerk of the Court is hereby directed to forward this Order, together with a copy of the complaint, to Erie County Attorney's Office, 69 Delaware Avenue, Buffalo, New York 14202.

**Amendment of Complaint**

As noted above, the Court will direct plaintiff to amend the complaint to name the correctional officers identified in the Attorney General Office's response

to the Court Order and any other defendants he has determined since the filing of

the complaint may be personally involved in the constitutional violations alleged.

The Clerk of the Court has already amended the caption of the Docket Report to

include the nine correctional officers identified in the Attorney General Office's

response but because the Court cannot be certain what defendants identified in

said response are ones plaintiff intended to sue herein, the plaintiff must file an

amended complaint naming as defendants only those individuals he intended to

sue herein.

Additionally, plaintiff has also filed what he has entitled:"Amendment to the

Original Complaint," which the Clerk has docketed as a proposed amended

complaint.  (Docket No. 10).  In said Amendment, plaintiff states that he seeks to

amend the complaint, in compliance with the Court's Order, and identifies 13

defendants, some of who were named in the original complaint, some who were

identified in the Attorney General Office's response and some who were neither

named in the original complaint nor identified by the Attorney General's Office.

The remainder of the Amendment, includes certain claims or allegations against

some of the individuals named in the Amendment but is not a complete complaint

which alleges facts against each of the defendants whom he seeks to sue in this

matter.  Because the Court has before it a complaint and proposed amended

complaint, and an amended caption which may or may not reflect the defendants

plaintiff intended to sue herein, plaintiff will be provided an opportunity to file an

amended complaint wherein he names and identifies each of the defendants he seeks to sue herein and alleges facts against each of those defendants as to what they did or did not do and how they allegedly violated his constitutional rights.

Plaintiff is directed that the amended complaint, which shall supersede and replace in its entirety the original complaint,[2] must (1) contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit, and (2) state as to each defendant (i) the alleged act of misconduct; (ii) the date on which such misconduct took place; (iii) the names of each and every individual (defendant) who participated in such misconduct; (iv) the location where the alleged misconduct occurred and (v) the nexus (connection) between such misconduct and plaintiff's constitutional rights. Plaintiff may attach exhibits to his amended complaint, but they must be relevant to the allegations of the amended complaint and organized in such a way that the Court and defendants can read and determine their relevance. Again, plaintiff must name the individuals whom he seeks to include as defendants in this action in both the caption and the body of the amended complaint, and the amended complaint

---

[2]Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

must assert claims against each and every defendant named in the amended complaint.

As to those defendants that plaintiff cannot now identify--*e.g.*, ECMC Holding Pen Officers--he can name them as John Does, and provide whatever identifying information he knows currently.  If the Erie County Attorney's Office cannot identify the ECMC Holding Pen Officers, plaintiff will then be required to to attempt to identify said defendants through discovery, including subpoenas, as soon as possible, and then apply to this Court for an order directing amendment of the caption and service on the defendants as soon as they have been identified.  If plaintiff cannot identify said defendants, despite all the efforts outlined herein, the John Doe defendants shall be dismissed.

The amended complaint must be filed no later than **December 1, 2007.** Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B).  *See* 28 U.S.C. § 1915(g).

## ORDER

IT IS HEREBY ORDERED that plaintiff must file, as directed above, and no later than **December 1, 2007**, an amended complaint;

FURTHER, the Erie County Attorney's Office is hereby directed to use its best efforts to identify the John Doe ECMC Holding Pen Officers named in the Complaint and alleged to have been involved in plaintiff's transportation and "holding" at ECMC on October 6, October 27 and December 8, 2003 and June 7, 2004 by **November 22, 2007**.

FURTHER, the Clerk of the Court is directed to send to plaintiff with a copy of this Order a blank 1983 Prisoner Complaint Form, a copy of the original complaint and the proposed amended complaint (Docket No. 10); and

FURTHER, the Clerk of the Court is hereby directed to forward this Order, together with a copy of the complaint, to the Erie County Attorney's Office, 69 Delaware Avenue, Buffalo, New York 14202, and Michael A. Siragusa, Assistant Attorney General, 107 Delaware Avenue, 4th Floor, Buffalo, NY 14202.

IT IS SO ORDERED.

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:       Oct. 19, 2007

9